IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRACY VOSS and TRACYSPAWSRESCUE | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO.: 5:26-cv-00035 |
| v. | § § | JURY TRIAL DEMANDED |
| KERRIE BELL NELSON, AMBER HODGSON, SCOTT WHYATT, LESLIE EUGENIO | § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Tracy Voss ("Voss") and TracysPawsRescue (collectively "Plaintiffs") files this First Amended Complaint against Kerrie Bell Nelson, Amber Hodgson, Scott Whyatt, and Leslie Eugenio (collectively the "Defendants"), and in support thereof alleges the following:

### PARTIES

1. Plaintiff Tracy Voss is an individual residing in Medina County, Texas.

2. Plaintiff TracysPawsRescue is a Texas nonprofit corporation located in Medina County, Texas.

3. Based on information and belief, Defendant Kerrie Bell Nelson is an individual residing in Bexar County, Texas. Defendant Kerrie Bell Nelson may be served at her residence located at 1202 Via Milano, San Antonio, Texas 78260, or wherever she may be found.

4.     Based on information and belief, Defendant Amber Hodgson is an individual residing in the State of Georgia. Defendant Amber Hodgson may be served at her residence located at 1398 Lakeshore Circle, Gainesville, Georgia 30501, or wherever she may be found.

5.     Based on information and belief, Defendant Scott Whyatt is an individual residing in Bexar County, Texas. Defendant Scott Whyatt may be served at his residence located at 8226 Cantura Mills, Converse, Texas 78109, or wherever he may be found.

6.     Based on information and belief, Defendant Leslie Eugenio is an individual residing in Tarrant County, Texas. Defendant Leslie Eugenio may be served at her residence located at 3636 W. Biddison St., Fort Worth, Texas 76109, or wherever she may be found.

## JURISDICTION AND VENUE

7.     This Complaint involves claims pursuant to the Federal Lanham Act, 15 U.S.C. § 1125(a), and misappropriation of name, image, and likeness and tortuous interference with prospective business relations under Texas law. This Court has jurisdiction over these claims pursuant to 15 U.S.C. §§ 1121, 1125 and 28 U.S.C. §§1331 and 1338. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.     This Court has personal jurisdiction over all Defendants because the Defendants purposefully directed their activities giving rise to the claims in the lawsuit toward Texas and the Western District of Texas and a substantial part of the events giving rise to the claim occurred and continue to occur in Texas and the Western District of Texas in Texas. This Court also has personal jurisdiction over Defendants Kerrie Bell Nelson, Scott Whyatt, and Leslie Eugenio because these Defendants reside in Texas.

9.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred and continue to occur in the Western District of Texas.

## FACTS

10.     In 2010, Voss founded Tracy's Dogs, a dog rescue and adoption nonprofit that operated out of Bexar County, Texas. In March of 2019, a second location opened in Hondo, Texas. Voss built up the nonprofit and raised significant money through donations to support the nonprofit's dog rescue and adoption efforts. As a result of Voss's efforts, Tracy's Dogs was able to rescue around 11,000 dogs.

11.     Tracy's Dogs promoted their efforts and solicited donations through several platforms, including the Instagram account @tracysdogs_tx, and the Facebook accounts TracysDogs, TracysDogs Family Albumn, and TracysDogs Adoptions.

12.     In addition to using social media to promote and solicit donations, the Tracy's Dogs social media accounts were also used to archive the rescued and adopted dogs' medical histories, transport records, and adoption stories.

13.     As part of the rescue process, Tracy's Dogs would ensure all rescued dogs were implanted with a microchip. Once a dog was adopted, Tracy's Dogs would register the microchip and include the dog's information and the adopter's name and phone number.

14.     Tracy's Dogs also kept internal data on the microchips, including the adopter's name, address, and phone number, the dog's medical history, and pictures and videos of the dogs.

15.     The maintenance of these social media records and microchip data records are crucial to dog rescue organizations for a number of reasons, including being able to help the dogs

after they have been adopted out and subsequently end up at shelters after adoption or need to be rehoused.

16. As the nonprofit grew, several individuals joined the Tracy's Dogs Board of Directors, including Defendants Kerrie Bell Nelson, Scott Whyatt, and Leslie Eugenio. Defendant Amber Hodgson also started volunteering for the organization by providing legal and other business services.

17. In 2019, Voss was ousted from the company by the Board of Directors.

18. After Voss's departure, Defendants changed the name of the nonprofit from Tracy's Dogs to Embark Dog Rescue ("Embark").

19. In 2020, Voss and Embark entered into a settlement agreement wherein Voss disclaimed any claim or right to any intellectual property of Embark, including its social media accounts. In the agreement, Voss did not transfer or otherwise grant permission to Tracy's Dogs to use Voss's name, image, or likeness or to otherwise associate itself with Voss.

20. After entering into the settlement agreement, Embark and the Defendants continued to control and operate all of the Tracy's Dogs social media accounts, including the Instagram account @tracysdog_tx and the Facebook accounts TracysDogs, TracysDogs Family Albumn, and TracysDogs Adoptions.

21. Although the Tracy's Dogs social media accounts were rebranded from Tracy's Dogs to Embark, these social media accounts continued to use Voss's name and pictures, without Voss's permission, on the Embark social media accounts to promote Embark and solicit donations. **Exhibit A** is a true and correct screenshot taken on June 1, 2025 from the @tracysdogs_tx Instagram account showing use of Voss's picture and name after Voss departed from the organization.

22. On January 1 2020, Voss started a new nonprofit, Plaintiff TracysPawsRescue, to continue her dog rescue and adoption efforts.

23. Plaintiffs struggled to get donations for Tracy's Paws Rescue because, based on information and belief, donors believed Plaintiffs were affiliated with Embark due to the continued use of Voss's name and pictures on Embark's social media accounts.

24. Based on information and belief, from 2020 to 2023, Embark received at least $55,000 in donations based on donor's mistaken belief Plaintiffs were associated with Embark.

25. Prior to Voss's departure from Tracy's Dogs, Voss created and worked on a campaign, called the "Big Give 2019," to raise money for Tracy's Dogs to build a new facility to house more rescue dogs and expand efforts to save dogs. Around 1,700 donors donated around $193,000 to Tracy's Dogs through the Big Give 2019 campaign. Embark retained these donations after Voss's departure.

26. Embark never built the facility as was promised to The Big Give 2019 donors.

27. Based on information and belief, Embark stopped rescuing dogs after April of 2020 and started misappropriating the $193,000 in donations and misappropriating Embark's other assets.

28. Based on information and belief, numerous donors of the Big Give 2019 were upset their donations were not used for their intended purpose and have demanded their donation be returned. Embark's failure to use its donations to further its dog rescue mission has diminished Embark's reputation.

29. Voss has struggled to get donations for TracysPawsRescue because, based on information and belief, donors associate Embark's misappropriation of donations and failure to

use the Big Give 2019 donations for their intended purpose with Plaintiffs due to Embark's continued use of Voss's name and pictures on its social media accounts.

30. For example, Plaintiffs organized a donation drive in 2025 called the Big Give 2025. Plaintiffs received only around $80,000 in donations to the Big Give 2025, which was significantly less than the $193,000 in donations to the Big Give 2019.

31. Voss asked Defendants for a list of Big Give 2019 donors, but Defendants refuse to provide her with this information. Without this list, Plaintiffs are unable to contact the prior donors to ensure they understand Plaintiffs are not associated with the misappropriation of their donations.

32. In 2023, Defendants formerly terminated Embark with the Texas Secretary of State. It is unclear what happened to the $193,000 in donations or to Embark's other assets.

33. Based on information and belief, the now-defunct Embark's assets and property are within the possession of the Defendants.

34. In late 2020, Plaintiffs discovered that after Voss's departure from Tracy's Dogs, Embark and the Defendants failed to register over 600 adopted dogs' microchips. When dogs are microchipped, but the microchip is not registered, the only contact information associated with the microchip is the organization or individual who implanted the microchip, which here was Voss.

35. Thus, as a direct result of Defendants' failure to register the microchips, Voss has received numerous phone calls and messages about dogs that were once under Tracy's Dogs care that ended up in the custody of high-volume, high-capacity shelters that euthanize dogs for space.

36. Plaintiffs do not have the information for these microchipped dogs or who adopted the dogs because this information is within the custody and control of Defendants, not Plaintiffs.

37. The Defendants have been asked to provide Voss with this information, namely the microchip data records and access to the Instagram account @tracysdogs_tx and Facebooks accounts TracysDogs, TracysDogs Family Album, and TracysDogs Adoption so the adopter's information can be determined. Defendants refuse to provide her with this information or access to these platforms.

38. Without these records and information, Plaintiffs are unable to locate the owners and ensure the dogs' safety if they end up in a shelter and Plaintiffs' ability to protect the dogs Voss saved is hindered.

## COUNT I
## FALSE ASSOCIATION OF ORIGIN UNDER SECTION 43(A) OF THE LANHAM ACT, 17 U.S.C. §1125(A)(1)(A)

39. The allegations set forth above in the preceding paragraphs are incorporated by reference and fully set forth herein.

40. Defendants have engaged in false designation of origin by using a false or misleading description of fact or false or misleading representation which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiffs with Defendants, or as to the origin, sponsorship, or approval.

41. Defendants deliberately used Plaintiff Voss's name and pictures in promotional materials after she was no longer associated with the organization to confuse, mislead, and deceive donors into thinking Voss was still affiliated, connected, or associated with the Embark organization.

42. These representations constitute false or misleading representations of fact or representation about Voss's rescue efforts and Embark's organization.

43. These false or misleading representations have deceived and are likely to deceive donors and potential donors about Voss's association with Defendants and Embark.

44. These false or misleading representations are material and are likely to influence donors' decision to donate.

45. These false or misleading representations have caused and are likely to cause injury to Plaintiffs by harming their reputation and ability to secure donations.

46. As a direct and proximate result of Defendants' false advertising, Plaintiffs have been damaged in an amount to be proven at trial.

47. Plaintiffs are entitled to injunctive relief, actual damages, and Defendants' profits attributable to the false advertising.

48. Plaintiffs are entitled to recover their attorneys fees as a result of the exceptional nature of Defendants' conduct.

### COUNT II
### FALSE ADVERTISING UNDER SECTION 43(A) OF THE LANHAM ACT, 17 U.S.C. §1125(A)(1)(B)

49. The allegations set forth above in the preceding paragraphs are incorporated by reference and fully set forth herein.

50. Defendants have engaged in false advertising by making a false or misleading description of fact or false or misleading representation about Plaintiffs in commercial advertising or promotion that misrepresents the nature of Plaintiffs' services to solicit donations for Embark.

51. Defendants' deliberately used Plaintiff Voss's name and pictures in promotional materials after she was no longer associated with the organization to mislead donors into thinking Voss was still associated with the Embark organization.

52. These representations constitute false or misleading statements of fact about Plaintiffs' rescue efforts and Embark's organization.

53. These false or misleading representations have deceived and are likely to deceive donors and potential donors about Plaintiffs' association with Defendants and Embark.

54. These false or misleading representations are material and are likely to influence donors' decision to donate.

55. These false or misleading representations have caused and are likely to cause injury to Plaintiffs by harming their reputation and ability to secure donations.

56. As a direct and proximate result of Defendants' false advertising, Plaintiffs have been damaged in an amount to be proven at trial.

57. Plaintiffs are entitled to injunctive relief, actual damages, and Defendants' profits attributable to the false advertising.

58. Plaintiffs are entitled to recover their attorneys fees as a result of the exceptional nature of Defendants' conduct.

## COUNT III
## COMMON LAW APPROPRIATION OF NAME, IMAGE, OR LIKENESS

59. The allegations set forth above in the preceding paragraphs are incorporated by reference and fully set forth herein.

60. Defendants are using and appropriating Plaintiff Voss's name, image, and likeness for the value associated with it. More specifically, Defendants' social media, including

the TracyDogs Facebook account and @tracysdogs_tx Instagram account, include the name and images of Plaintiff Voss.

61. Voss can be and is easily identified from the publication (photographs) appearing on the social media pages controlled by Defendants, which Defendants used to promote their Embark organization. Further, Defendants associate Voss as endorsing Defendants' Embark organization.

62. Defendants received some advantage or benefit from the appropriation, namely that Defendants are connected or affiliated with Plaintiffs which misled the public to make donations to Embark.

63. Plaintiffs have experienced a substantial decrease in donations as a direct result of Defendants' actions.

64. Defendants, by their actions, have caused Plaintiffs monetary damage in an amount to be determined at trial.

65. Plaintiffs have also suffered irreparable injury as a result of Defendants' misappropriation for which Plaintiffs has no adequate remedy at law and such irreparable injury will continue to damage Plaintiffs unless Defendants are enjoined by this Court from further violation of Plaintiffs' rights.

## COUNT IV
## COMMON LAW TORTUOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

66. The allegations set forth above in the preceding paragraphs are incorporated by reference and fully set forth herein.

67. Defendants are using and appropriating, without Voss's approval, Voss's name, image, and likeness for the value associated with it, and are using a false or misleading description of fact or false or misleading representation which is likely to cause confusion, or to

cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiffs with Defendants, and as to the origin, sponsorship, or approval, and that misrepresents the nature of Plaintiffs' services to solicit donations for Embark

68. These misappropriations and false or misleading representations constitute false association, false advertising, and misappropriation of name, image, and likeness, and therefore are independently tortious in nature.

69. Defendants deliberately made these statements with the intent to prevent these third parties from dealing with and donating to Plaintiffs.

70. Defendants' statements caused these third-parties to not make donations to Plaintiffs.

71. There was at least a reasonable probability that the Plaintiffs would have entered into a business relationship with these third parties had Defendants not made these misrepresentations.

72. Defendants' actions resulted in actual harm and damage to Plaintiffs, including loss of donations and loss of reputation.

73. Defendants' actions were the proximate cause of the Plaintiffs' damages.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all triable issues alleged in this Complaint.

## PRAYER

WHEREFORE, Tracy Voss and TracysPawsRescue respectfully pray that this Court enter judgement as follows:

(a) A permanent injunction issue restraining Defendants, their agents, servants, employees, successors and assigns and all others in active concert and participation with them, from:

(1) using Plaintiff Tracy Voss's name, likeness, and image on or in association with any of Defendants' promotion of any service;

(2) unfairly competing with Plaintiffs by using Plaintiff Tracy Voss's name, likeness, and image;

(3) creating confusion, mistake or deception as to the affiliation, connection or association between Defendants and Plaintiffs;

(4) creating confusion, mistake or deception as to the source of origin, sponsorship or approval of Defendants' services as those affiliated with Plaintiffs;

(5) engaging in false advertising;

(b) Defendants be required to account for and pay over to Plaintiffs all gains, profits and advantages derived by Defendants and actual damages suffered by Plaintiffs as a result of Defendants' acts complained of herein;

(c) Defendants be ordered to transfer all records pertaining to the dogs rescued from 2010 to 2019 by Embark f/k/a Tracy's Dogs, including the microchip data, to Plaintiffs;

(d) Defendants be ordered to transfer all social media accounts relating to Embark f/k/a Tracy's Dogs to Plaintiffs, including the @tracysdogs_tx Instagram account and TracysDogs, TracysDogs Family Album, and TracysDogs Adoptions Facebook accounts;

(e) Defendants be ordered to transfer all donor information from the Big Give 2019 to Plaintiffs;

(f) Finding this case is an exceptional case and awarding Plaintiffs enhanced damages and attorney fees;

(g) Awarding Plaintiffs prejudgment and post-judgment interest;

(h) Awarding Plaintiffs costs of Court; and

(i) For such other and further relief to which Plaintiffs shows itself to be justly entitled.

Date: January 7, 2026

Respectfully submitted,

GUNN, LEE & CAVE, P.C.
Callaghan Tower
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
Telephone: (210) 886-9500
Facsimile: (210) 886-9883

By: _/s/Robert L. McRae_
Robert L. McRae
Texas State Bar No. 24046410
rmcrae@gunn-lee.com
Julie P. Bell
Texas Bar No. 24116091
julie.bell@gunn-lee.com

**ATTORNEYS FOR PLAINTIFFS**